FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2009 JAN 30 PM 2:43

LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | | |
|---|---|---|---|
| **THOMAS and EDITH JOHNSON** | ) | **DOCKET NO.** | **07-5208** 09-2179 |
| | ) | | |
| **VERSUS** | ) | **JUDGE:** | **DUVAL** |
| | ) | | |
| **STATE FARM FURE AND CASUALTY COMPANY** | ) | **MAGISTRATE** | **WILKINSON** |

SECT. B MAG. 1

**FIRST AMENDED COMPLAINT FOR DAMAGES**

The Complaint of Thomas and Edith Johnson, a person of full legal age and capacity and resident and domiciliary of New Orleans, Louisiana, respectfully represent that they were plaintiffs in the lawsuit Acevedo, et al., v. AAA, et al., Civil Action No. 07-5208, which was timely filed. Plaintiffs further allege as follows:

I.

Defendant STATE FARM INSURANCE COMPANY (hereinafter referred to as "State Farm") is a foreign company licensed to do and in fact doing business within the State of Louisiana writing and adjusting flood policies.

II.

Jurisdiction is proper under the National Flood Insurance Act of 1968, 42 U.S.C. 4001, and federal common law.

III.

Venue is proper because Plaintiffs sustained the damage complained of in New Orleans, Louisiana, within the boundaries of the Eastern District of Louisiana

Fee
✓ Process
X Dktd
CtRmDep
Doc. No.

## BACKGROUND

IV.

Plaintiffs entered into a contract with State Farm known as a flood policy for building coverage on property identified as 7230 Read Blvd., New Orleans, Louisiana.

V.

On August 29, 2005, Hurricane Katrina made landfall near New Orleans, Louisiana. The hurricane made a second landfall a short time later near the Louisiana-Mississippi border. As expected, Hurricane Katrina produced a great deal of rain fall and caused significant wind damage in the metropolitan New Orleans area as well as storm surge along the banks of Lake Pontchartrain.

VI.

Plaintiffs' home was significantly damaged.

VII.

Within weeks of the hurricane, Plaintiffs notified State Farm of their loss and filed a claim.

VIII.

State Farm sent an adjuster to evaluate Plaintiffs' losses. The adjuster acted as State Farm's legal agent. The adjuster significantly undervalued Plaintiffs' damages.

IX.

Throughout this time, Plaintiffs' secured estimates and expended costs exceeding the value of the policy.

X.

At all times, Plaintiffs fulfilled all obligations under the flood policy.

XI.

At all material times, State Farm was not substantially justified in denying Plaintiffs' claims.

XII.

At all material times, State Farm and its agents violated its own rules for adjusting flood claims.

XIII.

At all material times, State Farm and its agents violated the National Flood Insurance Act, the flood insurance regulations issued by State Farm, and federal common law.

XIV.

State Farm violated the NFIA, flood insurance regulations, and federal common law and federal common law bad faith laws in the adjustment of Plaintiffs' flood claims in the following manner: (1) failing to timely adjust Plaintiffs' flood claims; (2) failing to honor Plaintiffs' satisfactory proof of loss; (3) failing to properly train its adjusters and agents; (4) failing to provide its adjusters and agents with proper uniform materials with which to properly evaluate claims; (5) failing to take into account the economic climate after Hurricane Katrina; (6) failing to account for the increase in labor, materials, costs, and time in valuing Plaintiffs' claims; and (7) any and all misconduct as becomes known before trial.

XV.

State Farm violated the NFIA, flood insurance regulations, and federal common law bad faith claims in the procurement of Plaintiffs' flood coverage in the following manner: (1) failing to inform Plaintiffs of flood policy limitations and exclusions; and (2) any and all other such acts as become known at the time of trial.

XVI.

As a result of its misconduct, State Farm is liable to Plaintiffs for all damages occasioned by its misconduct, specific and general, as well as attorneys' fees, costs, interests, penalties. Additionally, and in the alternative, State Farm is responsible for all costs, expenses, and reasonable attorneys' fees under the Equal Access to Justice Act.

## PRAYER FOR RELIEF

Plaintiffs prays that after due proceedings are conducted and after a Judgment in their favor that this Court enter judgment against State Farm for all damages discussed herein, including, but not limited to, all general, specific, equitable, and punitive relief which include but are not limited to costs, attorneys' fees, penalties, and interest from the date of injury.

Respectfully submitted,

**BINEGAR CHRISTIAN, L.L.C.**

BY: ______________________________

**DAVID A. BINEGAR, ESQ. (#26603)**
**TIFFANY R. CHRISTIAN, ESQ. (#28529)**
4920 Canal Street
New Orleans, LA 70119
Telephone: (504) 304-1403
Fax: (504) 304-2081